IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mario Brown, | ) | C/A No.: 2:14-4034-BHH-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Bernard McKie, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Mario Brown ("Petitioner"), an inmate at Kirkland Correctional Institution, submits this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without requiring the respondent to file an answer.

---

[1] On April 13, 2015, the court received a notice of change of address from Petitioner that indicates that he is no longer confined in Kirkland Correctional Institution. [ECF No. 26]. It is well-settled that an individual must be in custody to be eligible for federal habeas corpus relief. 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The "in custody" requirement is evaluated at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). Petitioner meets the "in custody" requirement because his habeas petition was filed on October 16, 2014, while he was still in State custody.

I.      Factual and Procedural Background

Petitioner alleges that on May 17, 2004, he pled guilty to armed robbery, assault and battery of a high and aggravated nature, and possession of a dangerous weapon during a violent crime, and was sentenced to 12 years imprisonment. [ECF No. 1 at 1]. Petitioner states that he did not file a direct appeal. *Id.* at 2. Petitioner claims that he filed an application for post-conviction relief ("PCR") on September 15, 2005, and states that his PCR application was dismissed on an unknown date. [ECF No. 12 at 1–2]. Petitioner states that he did not seek appellate review of the dismissal of his PCR application. *Id.* at 2. Petitioner seeks immediate release from imprisonment and expungement of his criminal record. [ECF No. 1 at 15].

II.     Discussion

A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se petitions are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se petition, the Petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*,

529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. The Habeas Petition is Untimely

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

  (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> **(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

As Petitioner did not seek appellate review of his guilty plea or sentence imposed on May 17, 2004, his conviction became final on May 27, 2004, ten days after his sentence was imposed. *See* Rule 203(b)(2), SCACR (stating that in a criminal action a notice of appeal must be served on all respondents within ten days after the sentence is imposed). The AEDPA statute of limitations began on May 28, 2004. Petitioner filed this habeas action on October 16, 2014, nine years after the expiration of the statute of limitations. Petitioner's habeas petition is, therefore, untimely. The filing of Petitioner's PCR application on September 15, 2005, 110 days after the AEDPA statute of limitations expired, did not toll the statute of limitations because the limitations period had already

4

expired before the PCR application was filed. Accordingly, the petition is recommended for summary dismissal.

### 2. Equitable Tolling Does Not Apply

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d at 329–30. The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be

equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649.

Petitioner asserts that he is entitled to equitable tolling because he is mentally ill, frequently engages in self-abusive and self-destructive behavior, and is mentally incapacitated with an IQ of 55. [ECF No. 22 at 1]. Petitioner claims that he takes psychotropic medication that "alter[s] his ability to cope and think in a rationale manner." *Id.* Petitioner states that he has been diagnosed with bi-polar and manic depression, and often suffers from "psychosis auditory and visual hallucinations." *Id.* Petitioner argues that his disability is the reason why it took him nine years to "readdress this court." *Id.* Petitioner attaches a letter from Dr. Beverly A. Wood, who states that she has treated Petitioner since 2011 for bi-polar disorder and claims that his medication has "side effects which include sedation." [ECF No. 22-1 at 2, 4]. Dr. Wood recommends that Petitioner have "legal representation to assist with interpretation and recommendations for any legal proceedings or correspondence." *Id.*

The undersigned finds that Petitioner cannot establish that he is entitled to equitable tolling of the AEDPA statute of limitations. "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity," such as when the petitioner is institutionalized or adjudged mentally incompetent. *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998))

(emphasis added). To prove entitlement to equitable tolling, a petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *McSwain v. Davis*, 287 F. App'x. 450, 456 (6th Cir. 2008) (citations omitted) (unpublished). A threadbare and conclusory statement by the Petitioner that he is mentally incapacitated, however, "without more, is insufficient to justify equitable tolling." *Lawrence v. Florida*, 421 F.3d 1221, 1227 (11th Cir. 2005).

Petitioner has not offered any evidence that he suffered from mental incapacity during the relevant time period, 2004 to 2005. Although Dr. Wood's letter states that she has treated Petitioner for bi-polar disorder since 2011, Dr. Wood does not address whether Petitioner had any mental health problems from 2004 to 2011. [ECF No. 22-1 at 2]. *See Rios v. Mazzuca*, 78 F. App'x. 742, 744–45 (2d Cir. 2003) (finding that equitable tolling was not warranted where record disclosed no causal nexus between claimed mental disability and failure to file timely petition). Further, Dr. Wood's letter does not suggest that Petitioner's mental illness is so profound as to prevent him from timely filing a petition. Petitioner's claims that he has bi-polar, manic depression, takes psychotropic medication, engages in self-destructive behavior, and has an IQ of 55, without additional facts, is insufficient to demonstrate that Petitioner suffered from significant problems with his mental status that made him unable to timely file his petition. *See Robinson v. Hinkle,* 610 F. Supp. 2d 533, 539–40 (E.D.Va. 2009) ("[P]roof of an existing mental illness, or claims that a petitioner is taking psychiatric medication or is under psychiatric

7

care will not automatically warrant equitable tolling."); *Watts v. Warden Lieber Correctional Inst.,* C/A No. 6:12-1211-JFA-KFM, 2013 WL 4736690, 7 (D.S.C. Sept. 3, 2013) ("Allegations of even serious mental illness . . . are not sufficient to warrant invocation of equitable tolling unless petitioner also demonstrates how these conditions constituted an extraordinary circumstance that prevented him from filing a timely petition."). Accordingly, Petitioner is not entitled to equitable tolling.

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the court dismiss the petition in the above-captioned case without prejudice and without requiring Respondent to file a return. If the district court accepts this recommendation, Petitioner's pending motions to appoint counsel [ECF Nos. 18, 25] will be rendered moot.

IT IS SO RECOMMENDED.

May 7, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).