IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Brown, | ) Civil Action No.: 2:14-4034-BHH |
|                  Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden Bernard McKie, | ) |
|                  Respondent. | ) |
| _____ | ) |

The petitioner Mario Brown ("the petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").

This matter is before the court for review of the Report issued by United States Magistrate Judge Baker on May 7, 2015. In her Report, the Magistrate Judge recommends that the petition be dismissed without prejudice and without requiring the respondent to file a return. (ECF No. 29.) The Magistrate Judge advised the petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 29 at 9.) The petitioner has not filed objections, and the time for doing so expired on May 26, 2015.

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the magistrate judge to which a specific

objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After a careful review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the court adopts and incorporates the Report and Recommendation (ECF No. 29) by reference into this order. It is therefore ORDERED that this action is DISMISSED *without prejudice* and without requiring respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.

/s/Bruce Howe Hendricks<br>United States District Judge

June 22, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.